Eduardo SALGADO, Plaintiff-Appellant,

v.

ATLANTIC RICHFIELD COMPANY; Arco Seed Company, Inc.; Anthony "Tony" Edmondson; Miguel "Mike" Yslava; W.H. "Bud" Sands; and Does I Through XX, Inclusive, Defendants-Appellees.

No. 86–6293.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 1987.

Decided July 29, 1987.

Ann M. Smith, San Diego, Cal., for plaintiff-appellant.

Lawrence A. Michaels, Los Angeles, Cal., for defendants-appellees.

Before ANDERSON, SKOPIL, and REINHARDT, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Eduardo Salgado ("Salgado") appeals from the district court's grant of summary judgment on his age discrimination claim under the California Fair Employment and Housing Act ("FEHA" or "The Act") and his state common law causes of action in this employment discrimination case. The district court held that the state common law causes of action were preempted by the Act and the age discrimination claim was barred by the Act's one-year time limit. We reverse and remand.

## I. FACTS

This is an action for wrongful termination based on violations of state and federal age discrimination laws and other state common law theories brought by Salgado against his former employer, Arco Seed Company; its parent corporation, Atlantic Richfield Company; his former supervisors; and others (hereinafter collectively "the Company").

| | |
|---|---|
| October 13, 1983 | Salgado filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging harassment. The EEOC automatically filed the complaint with the California Department of Fair Employment and Housing ("the Department") under the agencies "work sharing" agreement. |
| October 24, 1983 | The Department issued a "right-to-sue" letter indicating that "[a]ny court action must be taken within one year of the date of this notice." Cal. Gov't Code § 12965(b) (West 1987). The letter also stated that the EEOC would be responsible for the investigation and evaluation of the merits of his complaint and that the Department was closing its case on the basis of "processing waived to another agency." |

| | |
|---|---|
| November 7, 1983 | Salgado filed a letter with the EEOC alleging continued harassment and retaliation for filing his original complaint. |
| November 30, 1983 | Salgado advised the EEOC, by letter, of his indefinite suspension without pay effective November 28, 1983. |
| December 2, 1983 | Salgado was terminated. This was reported to the EEOC. |
| January 16, 1984 | EEOC conducted a fact finding conference on Salgado's charge. The Company was present. |
| January 31, 1984 | The Company provided the EEOC with documents in defense of its position. |
| May 9, 1984 | An EEOC representative conducted an on-site inspection of the Company's facility in its investigation of Salgado's complaint. |
| July 31, 1984 | The EEOC issued its "right-to-sue" letter. |
| November 30, 1984 | Salgado filed a civil action in Imperial County Superior Court for age discrimination. In his complaint, Salgado also alleged five state common law causes of action: wrongful and retaliatory termination, breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. This action was filed one year and thirty-seven days after the issuance of the California Department of Fair Employment and Housing's right-to-sue letter. |
| January 16, 1985 | The Company removed the action to federal district court on the basis that Salgado charged a violation of the Federal Age Discrimination in Employment Act. The district court exercised pendent jurisdiction over Salgado's state common law claims and state age discrimination claim. |
| April 29, 1986 | The Company filed a Notice of Motion and Motion for Summary Judgment on each of Salgado's state causes of action. |
| May 2, 1986 | Salgado filed a Notice of Motion and Motion for Leave to Voluntarily Dismiss his federal age discrimination claims with prejudice (Fed.R.Civ.P. 41(a)(2)) and for remand of his pendent state claims. |
| June 9, 1986 | A district court order was entered granting the Company's motion for summary judgment on each of Salgado's state causes of action. Salgado withdrew his motion for leave to voluntarily dismiss his federal claims. |
| June 26, 1986 | Salgado applied to the district court for reconsideration of his motions, asking the district court to rescind its order granting the Company summary judgment on his state law causes of action; to grant him leave to voluntarily dismiss his federal claims; and to remand the state law causes of action. |
| July 14, 1986 | The court denied Salgado's application for reconsideration. Salgado |
| | moved to dismiss his federal age discrimination claims with prejudice. The Company orally stipulated to the dismissal which the court granted. |
| July 25, 1986 | The court entered its final judgment dismissing Salgado's federal age discrimination claims with prejudice and declaring his five state common law causes of action were preempted by the California Fair Employment and Housing Act and his state age discrimination claim was barred by the Act's one-year time limit. |

## II. DISCUSSION

A grant of summary judgment is reviewed *de novo*. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986) (citing *Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir. 1983)).

### A. Statute of Limitations

 Initially, the issue to be addressed is whether California Government Code § 12965(b)'s [1] one-year time limit for filing a civil action is a statute of limitations subject to equitable tolling. If this one-year time period is a statute of limitations, noncompliance may be excused by the "equitable tolling" doctrine. *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1172 (9th Cir. 1986), *amended by* 815 F.2d 570 (9th Cir. 1987). If, on the other hand, the time period is a jurisdictional prerequisite, this equitable doctrine does not apply and noncompliance will divest the court of jurisdiction to hear the case. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392, 398, 102 S.Ct. 1127, 1131, 1135, 71 L.Ed.2d 234 (1982); *Valenzuela*, 801 F.2d at 1172. There is no direct authority construing this particular state statute's one-year time period. However, there is a trend toward finding time limits placed on filing court actions or other similar filing periods to be statutes of limitations rather than jurisdictional prerequisites. *See, e.g., Zipes*, 455 U.S. 385, 102 S.Ct. at 1127 (filing timely charge with EEOC pursuant to 42 U.S.C. § 2000e–5(e)'s 180–day period is not jurisdictional prerequisite but a statute of limitations subject to equitable tolling); *Valenzuela*, 801 F.2d at 1174 (90–day filing peri-

---

**1.** California Government Code § 12965(b) reads in pertinent part that a "person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization or employment agency named in the verified complaint within one year from the date of [the right-to-sue] notice."

od from issuance of right-to-sue letter by the EEOC in 42 U.S.C. § 2000e–5(f)(1) is statute of limitations subject to equitable tolling); *Gibbs v. Pierce County Law Enforcement Support,* 785 F.2d 1396 (9th Cir. 1986) (follows *Zipes* in holding that 180-day filing requirement of § 2000e–5(e) is statute of limitations). We find the analysis and reasoning in these cases persuasive. Therefore, we hold the one-year filing period from the issuance of a right-to-sue letter by the Department to be a statute of limitations subject to equitable tolling.

■ Salgado clearly filed his civil action more than one year after the Department issued him a right-to-sue letter. We must, therefore, determine whether the facts in this case support the application of equitable tolling to § 12965(b)'s one-year statute of limitations. "To determine whether equitable tolling is available in a particular case we examine 'whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances.'" *Valenzuela,* 801 F.2d at 1174 (quoting *Burnett v. New York Central Railroad,* 380 U.S. 424, 427, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965)). We conclude that the EEOC's investigation of Salgado's claims, under the work sharing agreement with the Department, tolled the running of the one-year time period. This statute of limitation was tolled until July 31, 1984 when the EEOC completed its investigation and issued its right-to-sue letter.

The Company argues that *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), and *London v. Coopers & Lybrand,* 644 F.2d 811 (9th Cir.1981), preclude application of the equitable tolling doctrine to the one-year statute of limitations provided by § 12965(b). We disagree.

In *Johnson,* the Supreme Court held that the timely filing of a charge of employment discrimination with the EEOC under Title VII does not toll the running of the period of limitation applicable to an action, based on the same facts, instituted under 42 U.S.C. § 1981 (1982). It is clear, however, that the holding in *Johnson* was based on the separation and independence of the legal and administrative remedies involved. For instance, the Supreme Court held that "the filing of a Title VII charge and resort to Title VII's administrative machinery are not prerequisites for the institution of a § 1981 action." *Johnson,* 421 U.S. at 460, 95 S.Ct. at 1720. Moreover, the Court found:

We are satisfied, also, that Congress did not expect that a § 1981 court action usually would be resorted to only upon completion of Title VII procedures and the Commission's efforts to obtain voluntary compliance.

\* \* \* \* \* \*

We generally conclude, therefore, that the remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct and independent.

*Id.* at 461, 95 S.Ct. at 1720. Finally, the Court found that "Congress clearly has retained § 1981 as a remedy against private employment discrimination *separate from and independent of* the more elaborate and time-consuming procedures of Title VII." *Id.* at 466, 95 S.Ct. at 1723 (emphasis added).

In *London,* this court rejected London's argument that the statute of limitations applicable to § 1981 should be tolled during the pendency of her administrative complaint before the California Fair Employment Practices Commission. In rejecting her argument, we relied on the Court's reasoning in *Johnson,* holding that:

We reject London's tolling theory squarely under the principles of *Johnson* .... Given *Johnson's* admonition that the independence of Title VII and § 1981 as separate civil rights remedies must be strictly maintained, we cannot say that we are at liberty to toll the statute of limitations here.

*London,* 644 F.2d at 815.

On the other hand, the procedures and remedies of Title VII and the California Fair Employment and Housing Act ("FEHA") are wholly integrated and relat-

ed.[2] Moreover, the practical relationship between Title VII and California's FEHA, embodied in the work sharing agreement between the EEOC and the Department, provides a basis for tolling § 12965(b)'s one-year statute of limitations during the pendency of the EEOC's administrative process.

█ As a general rule, a state statute of limitations is tolled when the plaintiff is pursuing an administrative remedy for the same alleged wrongdoing. *See London,* 644 F.2d at 814–15 (citing *Jones v. Tracy School District,* 165 Cal.Rptr. 100, 27 Cal.3d 99, 611 P.2d 441 (1980); *Elkins v. Derby,* 115 Cal.Rptr. 641, 12 Cal.3d 410, 525 P.2d 81 (1974)). Here, Salgado filed his original complaint with the EEOC. The EEOC automatically filed the complaint with the Department under the agencies' work sharing agreement. In less than a week, the Department, without investigating Salgado's claims, summarily issued a right-to-sue letter. The Department's letter informed Salgado that the EEOC would be responsible for the investigation and evaluation of his claims and that the Department was closing its case on the basis that "processing [was] waived to another agency (the EEOC)." In accordance with this letter, Salgado only communicated with the EEOC. The EEOC conducted an investigation into Salgado's claims which culminated on July 31, 1984, when the EEOC issued its right-to-sue letter. Less than four months later, Salgado filed his civil action.

█ The Company points out that an investigation undertaken by the EEOC does not absolutely prohibit or prevent a party from proceeding with a court action under California's FEHA. We agree. Under the FEHA, the right to sue accrues from the time a party receives a right-to-sue notice from the Department, not the EEOC. *Williams v. Pacific Mutual Life Ins. Co.,* 231 Cal.Rptr. 234, 186 Cal.App.3d 941 (1986). Normally, a party must sue within one year of the date on which this right-to-

sue letter was issued. This does not mean, however, that § 12965(b)'s statute of limitations cannot be equitably tolled under the proper circumstances. The proper circumstances exist in this case.

The state agency deferred the investigation and processing of Salgado's claims to the EEOC. The administrative proceedings of the EEOC replaced those of the state agency. Salgado had to await the outcome of the EEOC's processing of his claims in order to receive the full benefit of an investigation; which in this case included a fact finding conference and an on-site inspection of the Company's facility.

This result is consistent with the purposes underlying a statute of limitations. The Company was not confronted by a stale claim. Nor was it deprived of an opportunity to preserve the appropriate evidence. Throughout these proceedings, Salgado has demonstrated diligence in pursuing his claims. His only misfortune lay in relying on the Department's right-to-sue letter which summarily placed him in the capable hands of the EEOC.

A further purpose of the time limitation found in this statute is to provide an opportunity for conciliation between the employer and employee. *Grywczynski v. Shasta Beverages, Inc.,* 606 F.Supp. 61, 66 (N.D. Cal.1984). In Salgado's case the administrative mechanism to accomplish this purpose was established by the work sharing agreement. The Department deferred the processing and investigation of the claims to the EEOC. The EEOC then notified the Company and attempted to gain a conciliation between the parties involved. Salgado was simply awaiting the outcome. If there is an established administrative mechanism in place to give notice to employers charged with a violation and to undertake efforts at conciliation, it would be anomalous indeed to hold that a claimant, whose use of this mechanism put him outside the relevant time period, could not have that period equitably tolled. Under these circumstances, we think the tolling of the

---

**2.** Thus, as this court stated in *London:* "[f]or the individual complainant residing in a 'deferral' state, the initial pursuit of state administrative remedies is a mandatory step in the process of obtaining relief under Title VII." *London,* 644 F.2d at 815.

one-year statute of limitations found in § 12965(b) is consistent with the specific purposes of that time period. *See Valenzuela,* 801 F.2d at 1175; *Fox v. Eaton Corp.,* 615 F.2d 716, 720 (6th Cir.1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981). *See also American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974); *Burnett,* 380 U.S. 424, 85 S.Ct. 1050. Therefore, the district court erred in holding that Salgado's age discrimination claim under the California Fair Employment and Housing Act was barred by § 12965(b)'s one-year time limitation.

### B. Preemption

■ The district court further erred in granting summary judgment in favor of the Company on Salgado's five state common law causes of action.

Under California law, the exclusive remedy for age discrimination claims arises under California's FEHA.

> [W]here a right not existing at common law is created by statute, and a statutory remedy for its violation is provided, the statutory remedy is exclusive and no other remedy may be pursued. Where the Legislature has provided a comprehensive remedial scheme, there is a strong indication that the legislature intended the remedy to be exclusive.

*Mahoney v. Crocker Nat'l Bank,* 571 F.Supp. 287, 293 (N.D.Cal.1983) (citations omitted). There was no established public policy prohibiting age discrimination prior to the passage of the FEHA. *Id.* at 294. Furthermore, the Legislature intended that the remedy for age discrimination created by the FEHA be exclusive. *Id.* As a consequence, there is no common law cause of action for employment discrimination in California. *Baker v. Kaiser Aluminum and Chem. Corp.,* 608 F.Supp. 1315, 1322 (N.D.Cal.1984).

The district court held that all Salgado's claims, including his state common law causes of action, were based on allegations

of age discrimination and were thereby preempted by the FEHA.[3] Salgado attempted to lodge with the district court two volumes, totalling 325 pages, of his deposition testimony for its review in making the factual determination whether indeed his allegations were based solely on age discrimination. The district court refused to accept the entire deposition testimony on the ground that it was unnecessary to a disposition of the summary judgment motion. The district court was instead presented, by the Company, with selective testimony from seven of the 325 pages of deposition testimony.

In a summary judgment motion the district court is required to look at the evidence in the light most favorable to the non-moving party, in this case Salgado. Upon remand, the district court is instructed to review the entire deposition transcript, viewing it in a light most favorable to Salgado, to determine whether his claims and allegations were based solely on age discrimination. In its review of the deposition, the district court is instructed not to accept, as the Company urges, Salgado's own characterization of the "legal" cause of his discharge. His characterization should not be dispositive of whether he has separate and independent common law causes of action based on actions other than age discrimination. *See Kotarski v. Cooper,* 799 F.2d 1342 (9th Cir.1986) (affidavit in which Title VII claimant swore that his involvement in an EEO complaint filed by a female friend was the primary reason for his demotion was not given conclusive effect in summary judgment proceeding).

Furthermore, in its review of the deposition and pleadings filed in this case, the district court should pay particular attention to the following in determining whether Salgado has alleged separate and independent causes of action not based on age discrimination:

1. Salgado's allegation that he was wrongfully terminated as a result of

---

**3.** The district court specifically held that "the plaintiff asserts that the *sole* reason for his discharge was his age; he does not contend that

defendants breached a contract or committed a tort against him in ways unconnected to his age." Excerpt of Record, Tab 36, p. 6.

rumors that he was organizing a union at the seed plant. E.R., Tab 1, p. 9.

2. Salgado's allegation that his termination was retaliatory as a result of exercising his rights under 29 U.S.C. § 621, et seq.

3. Salgado's claim that the Company breached its covenant of good faith and fair dealing by failing "to undertake the development of a Performance Improvement Program or Work Plan [placing] Plaintiff on a probationary period for ninety days and in flagrant violation of ... company policy [stating] that if immediate improvement did not result, Plaintiff would necessarily be terminated." E.R. Tab 1, pp. 6, 11.

The district court is REVERSED and this action REMANDED for proceedings in accordance with the foregoing opinion.