**UNITED STATES of America, Plaintiff,**

v.

**TIERRA APARTMENTS LTD. PARTNERSHIP; Amy Dutton; Robert Beecham; Jan Dutton; Kathleen Dutton; Sue Ann Dutton; Mark Schultz; Sally Schultz and Douglas Wood, Defendants.**

**No. 4:CV94–3069.**

United States District Court, D. Nebraska.

Oct. 14, 1994.

Joseph D. Rich, Susan Barbosa Fisch, U.S. Dept. of Justice, Civ. Rights Div., Housing and Civil Enforcement Section, Washington, DC, Sally R. Johnson, Asst. U.S. Atty., Lincoln, NE, for plaintiff.

Patrick W. Healey, Healey & Wieland Law Firm, Lincoln, NE, for defendants.

### MEMORANDUM AND ORDER

KOPF, District Judge.

This is an action brought by the United States on behalf of Mary Parker to enforce the provisions of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–3619 (1977 & Supp.1994). (Filing 1 ¶ 1.) Specifically, the United States alleges that the defendants have engaged in discriminatory practices based on familial status in violation of 42 U.S.C. § 3604. (Filing 1 ¶¶ 12–14.)

Pending before the court is the defendants' motion for summary judgment (Filing 15), which is based on defendants' argument that the United States' failure to file its complaint within 30 days of the defendants' election to proceed in federal district court pursuant to 42 U.S.C. § 3612(a) and (o ) is a jurisdictional defect, making the defendants entitled to judgment as a matter of law. (Defs.' Br. at 1 & 5.) After careful consideration of the materials submitted in support of, and in opposition to, the motion for summary judgment, I conclude that such motion should be denied.

## I. BACKGROUND

Defendant Tierra Apartments Ltd. Partnership is the owner of the Villa Tierra apartment complex in Lincoln, Nebraska. (Filing 1 ¶ 4.) Defendants Robert Beecham, Jan Dutton, Kathleen Dutton, Sue Ann Dutton, Mark Schultz, and Sally Schultz are general partners of this partnership. (*Id.*) It is disputed whether defendant Douglas Wood is also a general partner of the partnership. (*Id.;* Filing 11 ¶ 4.) Defendant Amy Dutton was manager of the apartment complex in June 1991. (Filing 1 ¶ 6; Filing 11 ¶ 6.)

Mary Parker filed a complaint with the United States Department of Housing and Urban Development (HUD) against the defendants, alleging that defendants had discriminated against her on the basis of familial status in June, 1991, in violation of the Fair Housing Act. (Filing 1 ¶ 8; Filing 15, Aff. of Jan Dutton ¶ 1; Filing 11 ¶ 8.) Pursuant to the requirements of 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of Parker's complaint. (Filing 1 ¶ 9; Filing 11 ¶ 9.) Based on the information gathered in this investigation, and pursuant to 42 U.S.C. § 3610(g)(2)(A), the Secretary of HUD issued an amended Charge of Discrimination on December 22, 1993, charging the defendants with engaging in discriminatory housing practices in violation of the Fair Housing Act. (Filing 1 ¶ 9; Filing 19, Notice of Election of Judicial Determination & Decl. of Linda Tapper ¶ 11.)

As authorized by 42 U.S.C. § 3612(a), the defendants elected on January 18, 1994, to have the HUD charge heard in a United States district court, rather than before an administrative law judge. (Filing 1 ¶ 10; Filing 11 ¶ 10; Filing 19, Notice of Election of Judicial Determination.) Pursuant to 42 U.S.C. § 3612(*o* )(1), when such an election is made, the Attorney General "shall commence and maintain[ ] a civil action on behalf of the aggrieved person in a United States district court" and shall do so "not later than 30 days after the election is made."

Based on the defendants' January 18, 1994, election date, the United States calculated its filing deadline as February 17, 1994. (Filing 19, Decl. of Susan Barbosa Fisch ¶ 7 & Attach. A; Pl.'s Br. at 3.) The United States filed its complaint in this court on February 22, 1994, 35 days after the election date. (Filing 1.)

Evidence submitted in support of the defendants' motion for summary judgment indicates that Jan Dutton spoke over the telephone with Susan Fisch, attorney for the U.S. Department of Justice, on February 10, 1994. (Filing 15, Aff. of Jan Dutton ¶ 4.) Dutton claims Fisch asked her for an extension of time to file her civil action, to which Dutton "would not and specifically did not agree," and Fisch said she would mail "a paper" to Dutton. (*Id.*) Dutton claims she and Fisch next spoke via telephone on February 14, 1994, when Fisch said she had not yet sent the extension letter and Dutton said she "would prefer to discuss dismissal," hoping "that it would not be necessary to file any lawsuit." (*Id.*) Dutton alleges that Fisch said she "didn't want to get into the merits of the case"; this complaint "wasn't a big deal"; and Fisch wanted to get a consent agreement. Dutton sensed Fisch was "trying to lull [her] into an extension by minimizing the consequences." (*Id.*)

Dutton states she received Fisch's extension letter on February 16, 1994. According to Dutton, the letter was far more expansive than discussed with Fisch and the letter erroneously referred to Dutton as attorney for all defendants when Dutton had advised both HUD and Fisch that the other defendants were considering hiring their own counsel. (*Id.* ¶ 5.)

Unable to reach Fisch by telephone, Dutton faxed Fisch a letter explaining why she would not agree to an extension. (*Id.*) Dutton denies that she ever agreed to allow an untimely filing or had the authority from other defendants to do so. (*Id.*)

Evidence submitted in opposition to the defendants' motion for summary judgment indicates that during Fisch and Dutton's February 10, 1994, telephone conversation Dutton claimed she was the attorney representing all the defendants, and that she and her partners wanted to settle the case. (Filing 19, Decl. of Susan Barbosa Fisch ¶ 6.)

Since the complaint was due to be filed on February 17, 1994, Fisch offered Dutton the opportunity to agree to extending the filing deadline in order to discuss settlement. Fisch claims that Dutton agreed to such extension during that conversation, and that Fisch agreed to send a letter memorializing this agreement for Dutton's signature. (*Id.* ¶¶ 7 & 8.)

Because Fisch's office was closed on Friday, February 11, 1994, due to inclement weather, Fisch claims she could not mail the letter that day. Fisch called Dutton the following Monday to explain why the letter had not been sent, then mailed the letter in overnight mail that day. (*Id.* ¶¶ 9, 10 & Attach. A.)

The letter referred to Fisch and Dutton's telephone conversation on February 10, 1994, stating "as we discussed, we believe it is appropriate to agree to a brief delay in the filing of our lawsuit during which we will pursue settlement of this matter." (*Id.* Attach. A.) The letter stated that Dutton agreed, on behalf of her "clients," to a delay in filing of the complaint for 30 days, or until March 18, 1994. The letter requested that Dutton sign, date, and return the letter. (*Id.*)

Although a B. Ellenwood received the letter on February 15, 1994 (*id.* Attach. B), Fisch did not hear from Dutton until February 17, 1994, when Fisch received a faxed letter from Dutton objecting to Fisch's suggestion that Dutton bind all defendants in an agreement as Dutton's "clients." Dutton stated that with such short notice she was unable to sign Fisch's proposed document on behalf of all defendants as their attorney, but that she was still interested in settlement. (*Id.* Attach. C.) In a subsequent conversation with Fisch that day, Fisch claims Dutton objected to inclusion of various defendants in the complaint. (*Id.* ¶ 14.)

On Friday, February 18, 1994, Fisch mailed the complaint to the United States Attorney's Office for the District of Nebraska for filing. Since February 21, 1994, was a federal holiday, the complaint was not filed until February 22, 1994. (*Id.* ¶ 16.)

Defendants argue that summary judgment should be granted in their favor because the United States' failure to file its complaint within 30 days after the defendants' election to proceed in a United States district court, as provided in 42 U.S.C. § 3612(*o*)(1), divests this court of jurisdiction over the matter. Defendants argue that the 30-day time frame provided in section 3612(*o*)(1) is "mandatory and jurisdictional." (Defs.' Br. at 4.)

## II. APPLICATION OF LAW TO FACTS

### A. Standard of Review

■ Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is an extreme and treacherous device, which should not be granted unless the moving party has established a right to a judgment with such clarity as to leave no room for controversy, and unless the other party is not entitled to recover under any discernible circumstance. *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Id.* Even if the district court is convinced that the moving party is entitled to judgment, the exercise of sound judicial discretion may dictate that the motion should be denied, in order that the case can be fully developed at trial. *McLain v. Meier*, 612 F.2d 349, 356 (8th Cir.1979).

■ Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). And, although under Federal Rule of Civil Procedure 56 due deference must be given to the rights of litigants to have their claims adjudicated by the appropriate finder of fact, equal deference must be given under Rule 56 to the

rights of those defending against such claims to have a just, speedy, and inexpensive determination of the action where the claims have no factual basis. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986).

### B. Time Limit in 42 U.S.C. § 3612(*o*)(1) as Jurisdictional

If the time limit in section 3612(*o*)(1) is a jurisdictional prerequisite as the defendants claim, the time limit cannot be equitably tolled, as can a statute of limitations, and noncompliance with the time requirement divests the court of jurisdiction to hear the case. *Salgado v. Atlantic Richfield Co.*, 823 F.2d 1322, 1324 (9th Cir.1987).

While I was unable to locate any published case law, legislative history, or federal regulations construing the time limit in section 3612(*o*)(1), this court has dealt with this same issue in *United States of America v. Roseanne Weber, et al.*, No. 8:CV93–00031, slip op. (D.Neb. Oct. 19, 1993) (Magistrate Judge Thalken's Report and Recommendation adopted by the United States District Court for the District of Nebraska). In *Weber* this court declined to dismiss a Fair Housing Act case in which the United States filed its complaint 36 days after election was made. The court found that untimely filing should result in dismissal only if the statutory time limit is mandatory. Since, under the principles of statutory construction, mandatory statutory time periods require agencies or public officials to act within a particular time period *and* specify a consequence for failure to act in a timely manner, and since section 3612(*o*)(1) of the Fair Housing Act does not specify a consequence for untimely filing, the statute was construed as a directory statute, violations of which may be remedied with "discretionary benevolence." *Id.* at 5–7. In the exercise of its discretionary benevolence, the court found that dismissal was not appropriate when filing occurred within one week

of the statutory time limit and when the United States understandably miscalculated the election date. *Id.* at 4–7.

█ In the employment discrimination context, "there is a trend toward finding time limits placed on filing court actions or other similar filing periods to be statutes of limitations rather than jurisdictional prerequisites." *Salgado* at 1324. *See, e.g., Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (timely filing of charge with the EEOC is not jurisdictional prerequisite to suit in federal court; timely filing requirement is subject to waiver, estoppel, and equitable tolling like a statute of limitation); *Walker v. St. Anthony's Medical Ctr.*, 881 F.2d 554, 556–57 (8th Cir.1989) (same); *Hill v. John Chezik Imports*, 869 F.2d 1122, 1123–24 (8th Cir.1989) (same).[1]

█ Based on these authorities, and in light of the absence of any language in section 3612(*o*)(1) or in its legislative history or regulations indicating that failure to meet the 30–day time limit contained therein divests a court of jurisdiction to hear the case, I find that such time limit is not jurisdictional and mandatory.

█ In this case, the parties dispute whether Jan Dutton actually orally agreed to an extension of time to file suit under section 3612(*o*)(1) during Dutton's telephone conversation with Susan Fisch on February 10, 1994. However, the evidence establishes that each party was interested in pursuing settlement of the matter and, rightly or wrongly, Fisch understood Dutton to agree to an extension on behalf of all defendants, as stated in Fisch's February 14, 1994, letter to Dutton which sought to confirm their earlier telephone conversation. (Filing 19, Decl. of Susan Barbosa Fisch, Attach. A.) Amidst a weather delay and federal holiday, when it became clear to Fisch that this supposed agreement to extend the filing time was not

1. The parties do not argue that the time limit contained in 42 U.S.C. § 3612(*o*)(1) is a statute of limitation. However, even if such time limit were construed as a statute of limitation barring the rights of the government, I would be required to strictly construe the statute in favor of the government. *Badaracco v. Commissioner of Internal Revenue*, 464 U.S. 386, 391, 104 S.Ct. 756, 760–61, 78 L.Ed.2d 549 (1984); *United States v. Ward*, 985 F.2d 500, 502 (10th Cir.1993); *Mullikin v. United States*, 952 F.2d 920, 926 (6th Cir.1991), *cert. denied,* —— U.S. ——, ———– ——, 113 S.Ct. 85, 85–86, 121 L.Ed.2d 49 (1992).

agreeable to Dutton, Fisch promptly prepared a complaint and forwarded it for filing in this court.

### III. CONCLUSION

As stated above, I find that the United States' failure to meet the 30–day time limit in 42 U.S.C. § 3612(*o* )(1) does not divest this court of jurisdiction of the matter or require dismissal of the case. Further, construing the facts in favor of the United States, as I must, I find that in light of the fact that this action was filed within five days of the statutory time limit, and in light of Fisch's understanding that an agreement to extend such time limit had been reached, dismissal of this action for untimely filing under 42 U.S.C. § 3612(*o* )(1) would, in these circumstances, be inappropriate. Because the defendants have not established a right to judgment with such clarity as to leave no room for controversy, and because the defendants are not entitled to judgment as a matter of law, their motion for summary judgment must be denied.

IT IS ORDERED that the defendants' motion for summary judgment (Filing 15) is denied.