**Anita ZUMEL, Plaintiff—Appellant,**

v.

**UNITED STATES POST OFFICE; et al., Defendants—Appellees.**

No. 02–16643.

D.C. No. CV–01–20884–JF(PVT).

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Anita Zumel appeals pro se the district court's judgment dismissing with prejudice her action alleging violations of various federal and California civil rights statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both a dismissal on statute of limitations grounds, *Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000), and a dismissal for lack of subject matter jurisdiction, *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir.2001). We may affirm a dismissal on any ground supported by the record. *Vestar Dev. II v. General Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir.2001).

The district court properly dismissed as time-barred Zumel's California Fair Employment and Housing Act claims against her former employer and supervisors because she filed those claims in district court more than one year after the state agency issued its right-to-sue letter. *See* Cal. Gov.Code § 12965(b); *Romano v. Rockwell Internat., Inc.*, 14 Cal.4th 479, 492, 59 Cal.Rptr.2d 20, 926 P.2d 1114 (1996). There was no basis for equitably tolling the statute of limitations because the state agency did not defer its investigation to the Equal Employment Opportunity Commission. *Cf. Salgado v. Atlantic Richfield Co.*, 823 F.2d 1322, 1325–27 (9th Cir.1987) (finding basis for tolling where state agency issued premature right-to-sue letter and deferred investigation).

Zumel's 42 U.S.C. § 1981 claim against Michael Fisher, the former Santa Clara Postmaster, was properly dismissed because she did not allege facts indicating that Fisher's conduct interfered with her ability to make or enforce a contract. *See Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1313 (9th Cir.1992). Zumel's effort to state a constitutional tort claim against Fisher fails because she does not specify the constitutional violation, and "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.'" *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir.1997) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir.1982)).

Zumel's remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.