[No. B010689. Second Dist., Div. Four. Oct. 29, 1986.]

WALTER E. WILLIAMS, Plaintiff and Appellant, v.
PACIFIC MUTUAL LIFE INSURANCE COMPANY,
Defendant and Respondent.

**COUNSEL**

Walter E. Williams, in pro. per., for Plaintiff and Appellant.

Paul, Hastings, Janofsky & Walker, Michael A. Hood, James L. Payne and Beth J. Pearce for Defendant and Respondent.

**OPINION**

**ARGUELLES, J.**—Walter E. Williams (appellant), in propria persona, plaintiff in the underlying action for damages as well as injunctive and declaratory relief arising out of alleged violations of the California Fair Employment and Housing Act (FEHA), as amended (Gov. Code, § 12900 et seq.), appeals from the judgment of dismissal entered upon an order sustaining, without leave to amend, the demurrer of Pacific Mutual Life Insurance Company (respondent) to his complaint. (Code Civ. Proc., § 581d.)[1]

We affirm the judgment.

■ At the outset, we acknowledge the general rule that an appellant appearing in propria persona is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants and attorneys. (*Taylor* v. *Bell* (1971) 21 Cal.App.3d 1002, 1009 [98 Cal.Rptr. 855]; *Monastero* v. *Los Angeles Transit Co.* (1955) 131 Cal.App.2d 156, 160 [280 P.2d 187].) While we ordinarily would discuss only those matters raised by appellant that are properly set forth and argued (Cal. Rules of Court, rules 15, 37; *Mattson* v. *County of Contra Costa* (1968) 258 Cal.App.2d 205, 212 [65 Cal.Rptr. 646]), appellant here has overlooked important legal issues suggested by the record and by respondent in favor of improvident argument that is not within the scope of our review of a dismissal judgment following the sustaining of a demurrer without leave to amend. Therefore, and with due respect to appellant's persistent though misguided efforts to advocate a viable position here, as well as in the federal trial courts, we proceed to discuss the facts and law that will best aid us in our *determination* of the three important legal issues that must be decided:

---

[1]All section references are to the Code of Civil Procedure unless otherwise indicated.

(1) When does a private right of action under FEHA accrue for statute of limitations purposes?

(2) Was the appellant's state court action barred by the statute of limitations?

(3) If appellant's state court action was not time-barred, was it nevertheless barred by res judicata?

## FACTS AND PROCEDURAL HISTORY

The complaint at issue alleged that respondent had violated the FEHA by denying appellant employment based on race, sex and handicap. Specifically, appellant charged that he had sought employment with respondent on November 11, 1977, as a "file clerk claims adjuster trainee." Appellant described himself as "a Black male college graduate with three years of clerical experience" possessing the requisite qualifications for the position he sought. In spite of his qualifications, appellant alleged that respondent rejected his application and hired a less qualified female applicant. Appellant further alleged that, at the time he applied for employment, respondent's Los Angeles office employed 59 people, none of whom was Black male. Also, "None of the seven Black males who applied for the position when [appellant] applied was hired."

The complaint averred compliance with the claim filing requirements of both the California Fair Employment Practices Commission (FEPC), now the Department of Fair Employment and Housing (DFEH) and the federal Equal Employment Opportunity Commission (EEOC).[2] Pursuant to federal statute, the EEOC deferred to the state FEPC, which began a preliminary investigation of the claim.

On August 15, 1978, appellant entered into a conciliation agreement with respondent through the FEPC which provided that appellant waived any and all claims against respondent in consideration for the sum of $5,000.

"On September 20, 1978, pursuant to what it termed a 'Successful conciliation' with no determination as to the merits of the discrimination claim, the DFEH [successor to the state FEPC] closed the case." In January 1979, appellant alleged that he learned for the first time of the "significant sta-

---

[2]Among these requirements is that a claimant file a complaint with the DFEH. (Gov. Code, §§ 12960, 12965, subd. (b).)

Appellant filed his "Complaint of Employment Discrimination" under FEHA with the FEPC on January 4, 1978.

tistical data compiled by the FEPC a year previously." Had he been aware of these statistics prior to the proposed settlement, appellant alleged, he "would not have agreed to settle the claim." Furthermore, the complaint alleged that appellant "was suffering from paranoid psychosis and acted precipitously out of fear of capricious acts" of respondent and that "this fear was reinforced by the failure of the FEPC to issue a finding of probable guilt" against respondent after a period in excess of 10 months.

After learning of the statistical data, appellant unsuccessfully attempted to convince respondent to voluntarily rescind the settlement agreement.

According to the complaint, as supplemented by certain documents of which the trial court properly took judicial notice in conjunction with respondent's demurrer (§§ 430.30, 430.70; Evid. Code, §§ 452, 453), the federal EEOC, by letter dated January 24, 1979, closed its file on appellant's claim based on the successful conciliation and settlement.

The documents that were judicially noticed also revealed appellant's attempts to pursue judicial remedies.

On May 11, 1981, appellant filed a complaint in United States District Court (Williams I) in which he alleged that respondent, by virtue of the same acts alleged in the state court complaint at issue here, violated provisions of titles VI and VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d-2000e et seq.) and the Rehabilitation Act of 1973 (29 U.S.C. §§ 793, 794). The complaint further alleged breach of express and implied contract and requested the court to "dissolve" the settlement agreement.

On August 27, 1981, the United States District Court entered an order dismissing appellant's complaint, after noticed motion and hearing, for lack of subject matter jurisdiction, or, in the alternative, for a more definite statement of appellant's claims, with 30 days leave to file an amended complaint.

Appellant filed an amended complaint in federal district court on September 16, 1981, for "violations of United States Code Title 28, The Rehabilitation Act of 1973 as Amended in 1974 Sec. [sic] 503 and 504, Title 42, Sections 2000e-5 (e), 2000(f) (3) [2000e-5(f)(3)], 1981 and 1985 (3), and the U.S. Constitution, Article I, Section 10." The amended complaint sought the following relief: "award of (1) Dissolution of Settlement Agreement and General Release (2) of Assumpsit, (3) of Absorption of benefits paid to plaintiff in the form of $5000.0 [sic] by respondent whose bargain does not meet Constitutional, U.S. Congressional and State of California common law requirements for a valid, legal and conscionable

contractual agreement, (4) of extension of statutory limitations where necessary (5) of $332,000 in compensatory and statutory damages for emotional distress and backpay and (6) of $12,000,000 in punitive damages."

Respondent again moved the court for an order dismissing the action, which was granted on December 10, 1981. The dismissal order provided that: (1) the claims under the Rehabilitation Act of 1973 were dismissed for "failure to allege sufficient facts" showing that the court had subject matter jurisdiction; (2) the claim under title VII of the Civil Rights Act of 1964 was dismissed for "failure to secure a right-to-sue letter from the Equal Employment Opportunity Commission"; (3) the claims under the Civil Rights Acts of 1866 and 1871, 42 United States Code sections 1981 and 1985, were dismissed "because they were barred by the applicable California statutes of limitations"; and (4) the claim under the United States Constitution was dismissed "because the alleged conduct is not governmental action." All appellant's claims were dismissed without leave to amend except those asserted under the Rehabilitation Act of 1973.

Appellant appealed the dismissal in December 1981. By memorandum opinion filed June 27, 1983, the Ninth Circuit Court of Appeals affirmed the district court's dismissal order, holding in part that appellant's claims under title 42 of the United States Code were barred by the three-year limitations period in California for liability created by statute under Code of Civil Procedure section 338, subdivision 1. The court held that the three-year statute was not tolled for the period between the time appellant was denied employment in 1977 and the time he filed his district court action in 1981. Subsequently, appellant unsuccessfully petitioned the United States Supreme Court for certiorari.

In the meantime, appellant had procured a right-to-sue letter from the EEOC on December 1, 1982, advising appellant that more than 180 days had expired since the filing of his charge and that if he intended to sue respondent he was required to do so within 90 days from the receipt of the "Notice of Right to Sue."

The complaint alleges that DFEH issued its right-to-sue letter on November 18, 1982.

Sometime between December 1982 and February 1983, appellant had filed a second action in federal district court (Williams II), again alleging violations of the Civil Rights Act of 1964, based on the recently acquired EEOC right-to-sue letter, but also alleging violations of the FEHA as a pendent state law claim. Appellant served respondent with the complaint on May 12, 1983. Respondent then filed a motion for summary judgment.

The district court granted the motion and issued findings of fact and conclusions of law, which included the following: (1) the pending action (Williams II) involved the same parties as appellant's first district court action (Williams I); (2) the claims asserted by appellant under title 42 of the United States Code "arose out of the same 'cause of action,'" i.e., appellant's unsuccessful application for employment with respondent in November 1977, which he asserts was based on race and sex discrimination, "as the claims asserted in the present action under Title VII and the California Fair Employment and Housing Act"; (3) dismissal of appellant's title 42 claims in Williams I constituted "a dismissal on the merits for res judicata purposes"; (4) in Williams I, appellant could have brought the same title VII and FEHA claims he was asserting in Williams II; and (5) the Williams II action was barred because dismissal of the title 42 claims in Williams I was res judicata as to those claims.

On October 12, 1983, appellant appealed from the summary judgment entered in Williams II. Appellant failed to perfect the appeal, however, and it was dismissed on June 12, 1984.

By the time the Ninth Circuit Court of Appeals dismissed the Williams II appeal, appellant had already filed the state court action underlying this present appeal.

Respondent demurred to the underlying complaint on the ground that it failed to state a cause of action because (1) it was barred by res judicata, (2) it was barred by the statute of limitations, and (3) it failed to allege sufficient facts to entitle appellant to relief. The demurrer was sustained on the ground that the action was barred by the three-year statute of limitations under section 338, subdivision 1, for actions based on statutory liability.

This appeal followed.

## DISCUSSION

### I. Accrual of the Private Right of Action Under the FEHA

■ Under the FEHA, the only provision as to time limitations for the commencement of a private action appears in Government Code section 12965, subdivision (b), which provides in relevant part: "If an accusation is not issued [by the state DFEH] within 150 days after the filing of a complaint, or if the department earlier determines that no accusation will issue, *the department shall promptly notify, in writing, the person claiming to be aggrieved. Such notice shall indicate that *the person claiming to be aggrieved may bring a civil action* under this part against the person,

employer, labor organization or employment agency named in the verified complaint *within one year from the date of such notice. . . .*" (Italics added.)

Upon a first reading, this statutory provision appears to grant a one-year period of limitations for the commencement of a private action under the FEHA. In fact, this provision is something quite different.

"For various reasons of policy, some time provisions, though in form similar to statutes of limitation, are treated as conditions on the substantive right, i.e., they cause the right which previously arose and on which a suit could have been maintained, to *expire.*" (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 315, p. 345.)

"If the Legislature creates a right or liability unknown at common law and, in the same statute, fixes a limitation period, the time provision is usually considered substantive." (3 Witkin, *supra,* at p. 347.)

In California "'[T]he prohibitions on employment discrimination contained in the FEPA [Fair Employment Practices Act, now the FEHA][3] are in no sense declaratory of preexisting common law doctrine but rather include areas and subject matters of legislative innovation, creating new limitations on an employer's right to hire, promote or discharge its employees.' (*Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 490 [156 Cal.Rptr. 14, 595 P.2d 592].) Section 1420 et seq. created a statutory remedy for the infringement of that right. 'Where a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided . . . .' [Citations.]" (*Strauss* v. *A. L. Randall Co., supra,* 144 Cal.App.3d at pp. 518-519.)

We must conclude, therefore, that the previously quoted time provision of the FEHA is a condition on a substantive right rather than a procedural limitation period for commencement of an action.

■ Among the significant distinctions between a condition on a substantive right and a statute of limitation is that "[t]he defense of the statute of limitations must be specially pleaded or otherwise appropriately raised by the defendant; but where a substantive time limit is involved the plaintiff

---

[3]"Labor Code sections 1410 through 1433, the Fair Employment Practices Act, were repealed by Statutes 1980, chapter 992, section 11, page 3166 and incorporated into the California Fair Employment and Housing Act. They are now found in Government Code section 12940 et seq. . . ." (*Strauss* v. *A. L. Randall Co.* (1983) 144 Cal.App.3d 514, 517, fn. 1 [194 Cal.Rptr. 520].)

must allege facts which show that the right has not expired." (3 Witkin, *supra,* at p. 346.)

In his complaint, appellant alleged, "The Department of Fair Employment and Housing issued a right-to-sue notice on November 18, 1982, less than one year from the date of this complaint." The complaint bears a superior court "Filed" stamp dated November 16, 1983. Thus, on its face, the complaint shows that appellant satisfied the condition on his substantive right by filing his complaint within the one-year period prescribed by Government Code section 12965, subdivision (b).

While our determination does not answer the question of what statute of limitations applies to a private action brought under the FEHA, it does lead to the answer for the underlying question of when the private right of action under FEHA *accrues.*

"C.C.P 312, the section introducing the limitation provisions of the Code of Civil Procedure, states that civil actions can only be commenced within the prescribed periods 'after the cause of action shall have accrued.' The cause of action ordinarily *accrues* when, under the substantive law, the wrongful act is done and *the obligation or liability arises,* i.e., when a suit may be brought. [Citations.]" (3 Witkin, *supra,* at p. 380.) "To avoid the harsh and unjust effects of a rigid adherence to the general rule of accrual at the time of the wrongful act . . ., a number of departures have been made by statute and judicial decision: [¶] (a) . . . . [¶] (b) . . . . [¶] (c) Accrual postponed by condition precedent." (*Id.,* at p. 382.)

"Where the right to sue is subject to a condition precedent, such as filing a claim with an estate or governmental body, a statute may provide that the limitation period begins to run only from the time of rejection of the claim. . . . And the plaintiff cannot delay accrual of the cause of action by failure or refusal to perform a condition such as demand, for demand must be made within a reasonable time." (3 Witkin, *supra,* at p. 388.) Such a plaintiff "should not be permitted to control and indefinitely suspend the running of the statute by neglecting or deliberately refusing to perform the condition precedent to his own action." (*Id.,* at p. 411.)

Here, however, we need not decide whether appellant made demand upon DFEH for a right-to-sue letter within a reasonable time, for it has also been observed: "If the condition of the obligation is some other person's act, and the plaintiff's demand would merely bring pressure on that person, failure to make the demand does not start the running of the statute. [¶] Thus, in *Williams v. Bergin* (1897) 116 C. 56, 61, 47 P. 877, plaintiff contractors were entitled to recover for street work upon the street super-

intendent's assessment and issuance of a warrant; and, upon the latter's acceptance of the work, the contractors were entitled to demand the assessment and warrant. The superintendent accepted the work but delayed issuance of the warrant for over 3 years. *Held,* on demurrer, the action thereafter was timely; the right of action was dependent on an official act of a public officer and the complaint did not show that plaintiffs, rather than the officer, were lacking in diligence." (3 Witkin, *supra,* at pp. 412-413.)

Nothing in the record before us indicates that appellant was advised in writing by DFEH of his right to commence a court action until November 18, 1982, which was a condition precedent to his bringing such an action under the FEHA. Appellant's right of action was dependent on this official act by the DFEH, and neither the complaint nor the documents of which the trial court took judicial notice showed that appellant, rather than the DFEH, lacked diligence; to the contrary, they manifested the DFEH's failure to comply with the statutory mandate that, "If an accusation is not issued within 150 days after the filing of a[n] [administrative] complaint, or if the department earlier determines that no accusation will issue, the department *shall promptly notify,* in writing, the person claiming to be aggrieved." (Gov. Code, § 12965, subd. (b), italics added.)

Accordingly, accrual of appellant's FEHA cause of action was postponed until the DFEH issued the proper statutory notice on November 18, 1982, at which time the applicable limitations period started to run.

## II. *The Applicable Limitations Period*

■ Given our determination that appellant's FEHA cause of action did not accrue until November 18, 1982, and the fact that he filed his complaint within a year afterward, we find that the trial court erred in ruling that appellant's action was barred by the three-year limitations period of section 338, subdivision 1.

That error in itself, however, does not compel reversal of the judgment of dismissal "if any of the grounds stated in the demurrer is well taken. [Citation.]" (*E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 504 [146 Cal.Rptr. 614, 579 P.2d 505], fn. omitted; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 261, p. 268.)

Respondent's demurrer was based on three grounds: "1. The Complaint fails to state a cause of action in that the alleged cause of action is barred by the doctrine of res judicata. [¶] 2. The Complaint fails to state a cause of action in that the alleged cause of action . . . is barred by the applicable

statute of limitations. [¶] 3. The Complaint fails to allege sufficient facts to state a cause of action against defendant [respondent]."

Accordingly, we proceed to consider whether appellant's action was barred by any "applicable statute of limitations" other than the three-year statute, whether the action was barred by res judicata or whether the complaint failed "to allege sufficient facts to state a cause of action."

Respondent has not cited, nor has our research disclosed, any statute of limitations less than one year that arguably might apply to bar appellant's action. Having so determined, we proceed to consider whether the judgment of dismissal based on the sustaining of the demurrer without leave to amend was nevertheless proper on either of the other two grounds asserted in the demurrer.

### III. Res Judicata

Respondent asserts here, as it did in its demurrer, that appellant's state court DFEH action was barred by the doctrine of res judicata. In support of its assertion, respondent cites the findings of fact and conclusions of law made by the United States District Court in conjunction with its granting of respondent's motion for summary judgment in Williams II. The district court's conclusions were as follows:

"1. The present suit involves the identical parties as plaintiff's first action in the United States District Court for the Central District of California, Williams I.

"2. The Title 42 claims asserted by plaintiff in the first action arose out of the same 'cause of action'—plaintiff's unsuccessful application for employment with defendant in November 1977, which plaintiff claims constitutes race and sex discrimination—as the claims asserted in the present action under Title VII and the California Fair Employment and Housing Act. *Constantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir. 1982); *Cemer v. Marathan Oil,* 583 F.2d 830 (6th Cir. 1978).

"3. The dismissal of plaintiffs' Title 42 claims in Williams I constitutes a dismissal on the merits for res judicata purposes. *Ellingson v. Burlington Northern, Inc.* 653 F.2d 1327, 1330, fn. 3 (9th Cir. 1981); *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201 (1972).

"4. Plaintiff could have brought in Williams I the Title VII and California Fair Employment and Housing Act claims he now asserts in Williams II. *Nilson v. City of Moss Point,* 701 F.2d 556 (5th Cir. 1983).

"5. Plaintiff's present action is barred because the dismissal of his Title 42 claims in Williams I is res judicata as to the claims asserted in the present action. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883 (1982); *Allen v. McMurray*, 449 U.S. 90, 101 S.Ct. 411 (1980); *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 578, 94 S.Ct. 806, 812 (1974).

"5. [*sic*] Accordingly, the Court concludes and hereby holds that plaintiff's entire action is dismissed."

The appellant's subsequent appeal from the federal district court's summary judgment in favor of respondent was dismissed with no further review.

■ ". . . California courts must give full faith and credit to the judgment of a federal court (Code Civ. Proc., § 1908); therefore, this court must give the same effect to the federal dismissal as would be accorded to it in a federal court. (*Levy* v. *Cohen* (1977) 19 Cal.3d 165, 173 [137 Cal.Rptr. 162, 561 P.2d 252], cert. den. 434 U.S. 833 [54 L.Ed.2d 94, 98 S.Ct. 119].)" *Boccardo* v. *Safeway Stores, Inc.* (1982) 134 Cal.App.3d 1037, 1041 [184 Cal.Rptr. 903].)

We are thus compelled to conclude that the United States District Court's dismissal of appellant's action upon its determination that appellant's FEHA cause of action was barred by res judicata is entitled to full faith and credit and barred appellant's subsequent state court action under the FEHA.

### DISPOSITION

The judgment of dismissal is affirmed.

Woods, P. J., and McClosky, J., concurred.