Filed 4/15/14  Villalobos v. Community Redevelopment Agency CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SAMUEL B. VILLALOBOS, | B243229 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC454584) |
| COMMUNITY REDEVELOPMENT AGENCY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County,

Maureen Duffy-Lewis, Judge.  Affirmed.

Samuel Villalobos, in pro. per., for Plaintiff and Appellant.

Baker & Hostetler and Ellen S. Gross for Defendant and Respondent.

Samuel Villalobos sued his employer, the Community Redevelopment Agency of Los Angeles (CRA/LA), for age discrimination and retaliation under the California Fair Employment and Housing Act (FEHA) after the CRA/LA denied him a promotion. The trial court granted the CRA/LA's motion for summary judgment on the grounds that the lawsuit was untimely filed. On appeal, Villalobos argues that he raised triable issues of fact as to whether the substantive time limit for filing suit under FEHA should be equitably tolled.[1] We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Villalobos was working for the CRA/LA as an Associate Planner when he applied for the position of Regional Administrator on April 7, 2008. The following week, the CRA/LA informed him that he would not be considered for the position. Villalobos filed an internal grievance against the CRA/LA regarding its decision not to interview him for the position, and the parties commenced arbitration.

In March 2009, Villalobos filed a complaint with the Equal Employment Opportunity Commission (EEOC) and the Department of Fair Employment and Housing (DFEH) alleging that the CRA/LA had discriminated against him "due to [his] age, 58, [his] national origin, Mexican, and in retaliation for filing past grievances" when it denied him the opportunity to interview for the Regional Administrator position. Villalobos thereafter received a "right-to-sue" notice dated April 30, 2009 from the DFEH informing him that the EEOC would be responsible for processing his

---

[1] The time limit at issue here is a "condition on a substantive right" and not a procedural statute of limitations, as explained below.

complaint, and that Villalobos could "bring a civil action under the provisions of [FEHA]" against the CRA/LA "within one year from the date of this notice." Furthermore, the notice stated that "this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint." On February 9, 2010, EEOC sent Villalobos a letter informing him that the agency was "closing its file on this charge," that he "may file a lawsuit against the [CRA/LA(s)] under federal law based on this charge . . . **WITHIN 90 DAYS of [] receipt of this notice**," and that "the time limit for filing suit based on a claim under state law may be different." (Emphasis in original.)

After receiving the letter on February 12, 2010, Villalobos went to the EEOC office and attempted to reopen his case. An EEOC employee told him he had 90 days to file a lawsuit in federal court or a year to file a lawsuit in the "local courts." On February 24, 2010, Villalobos received a letter from the EEOC stating that it would not reopen his case, and that he had "90 days of [his] receipt of the February 9, 2010 final dismissal notice" to file a "private lawsuit." Villalobos returned to the EEOC office and was told again by an employee that he had 90 days to file a lawsuit in federal court and a year to file a lawsuit in "local court."

On February 8, 2011, Villalobos filed the underlying lawsuit for FEHA violations in which he alleged that the CRA/LA engaged in age discrimination and retaliation when it declined to hire him for the position of Regional Administrator. The CRA/LA moved for summary judgment on the grounds that the action was untimely filed. In opposition, Villalobos argued that the limitations period should be equitably

3

tolled because he had been pursuing "part of his claim with [the CRA/LA]" through an alternate legal remedy − arbitration − in good faith. However, he acknowledged that the arbitration did not address the alleged age discrimination and retaliation but only whether he was qualified for the new position. Villalobos also argued that equitable tolling was proper because his failure to timely file his claim was due to misrepresentations by EEOC employees regarding the limitations period.

The court granted summary judgment on the grounds that the lawsuit was untimely filed. Judgment was entered in favor of the CRA/LA and Villalobos timely appealed.

### CONTENTIONS

Villalobos contends that the evidence created a triable issue of fact as to whether the substantive time limit on filing suit under FEHA should be equitably tolled.[2]

### DISCUSSION

1. *Standard of Review*

A motion for summary judgment is properly granted when there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review an order granting a motion for summary judgment de novo. (*Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925, 931.)

---

[2] Villalobos also generally argues that the CRA/LA should be estopped from taking advantage of its wrongful actions because the EEOC misrepresented the filing deadline. This argument was not raised in the trial court and, thus, has been forfeited here. (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2006) 136 Cal.App.4th 212, 226.) Furthermore, Villalobos's argument that the *EEOC* misrepresented the filing deadline to him does not constitute evidence of any misconduct *by the CRA/LA*.

4

In conducting our de novo review, we employ the same three-step analysis as the trial court.  (*Benson v. Superior Court* (2010) 185 Cal.App.4th 1179, 1185.)  "The three steps are (1) identifying the issues framed by the complaint, (2) determining whether the moving party has made an adequate showing that negates the opponent's claim, and (3) determining whether the opposing party has raised a triable issue of fact."  (*Food Safety Net Services v. Eco Safe Systems USA, Inc.* (2012) 209 Cal.App.4th 1118, 1124.)

> 2. *The Trial Court Did Not Err in Concluding that Villalobos Had Failed to Raise Triable Issues of Fact Regarding Equitable Tolling*

Pursuant to Government Code section 12960, a plaintiff alleging an unlawful employment practice under FEHA must file a complaint with the DFEH within a year after the date of the last occurrence of the unlawful practice.  (Gov. Code, § 12960, subd. (d).)  If the DFEH decides not to file a civil action on the complainant's behalf, it must provide a right-to-sue notice to the person indicating that he may bring a civil action under FEHA based on the allegations in the complaint within one year from the date of that notice.  (Gov. Code, § 12965, subd. (b).)  This time provision is "a condition on a substantive right" rather than a procedural statute of limitations.[3]  (*Williams v. Pacific Mutual Life Ins. Co.* (1986) 186 Cal.App.3d 941, 949.)

---

[3]   "Among the significant distinctions between a condition on a substantive right and a statute of limitations is that '[t]he defense of the statute of limitations must be specially pleaded or otherwise appropriately raised by the defendant; but where a substantive time limit is involved the plaintiff must allege facts which show that the right has not expired.' [Citation.]"  (*Williams v. Pacific Mutual Life Ins. Co., supra,* 186 Cal.App.3d at p. 949-950.)  Regardless of whether the time provision is a procedural statute of limitations or a substantive time limit, it may be tolled by the doctrine of equitable tolling.  (*Downs v. Department of Water & Power* (1997) 58 Cal.App.4th 1093, 1101, fn. 3.)

The one-year substantive time limit − commencing from the date of the DFEH's right-to-sue notice − shall be tolled when (1) a charge of discrimination is filed concurrently with the EEOC and DFEH, (2) the investigation of the charge is deferred by the DFEH to the EEOC, and (3) a right-to-sue notice is issued to the complainant "upon deferral of the charge by the [DFEH] to the [EEOC]." (Gov. Code, § 12965, subd. (d)(1)(C).) When such tolling applies, the time for commencing an action under FEHA expires "when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by the [DFEH], whichever is later." (Gov. Code, § 12965, subd. (d)(2).) The federal right-to-sue period is 90 days and runs from the receipt of the EEOC right-to-sue notice. (42 U.S.C. § 2000e-5(f)(1).)

Here, the parties agree that pursuant to Government Code section 12965 [Section 12965], the one-year substantive time limit was tolled during the EEOC investigation because (1) Villalobos's complaint was filed concurrently with the EEOC and the DFEH, (2) the DFEH deferred the investigation of the charge to the EEOC, and (3) upon deferral of the charge, the DFEH issued a right-to-sue letter to Villalobos. Accordingly, pursuant to Section 12965, Villalobos had one year from the date of the DFEH right-to-sue notice or 90 days from the receipt of the EEOC right-to-sue notice to file a civil action under FEHA, whichever was later. The later of the two dates was 90 days from Villalobos's receipt of the EEOC notice on February 12, 2010. Thus, the Section 12965 tolling period ended on May 13, 2010. Villalobos did not file this action until approximately nine months later.

6

The parties dispute whether the time period established by Section 12965, subdivision (b), and tolled pursuant to Section 12965, subdivision (d), should be further tolled under the doctrine of equitable tolling. Villalobos contends that equitable tolling was proper because he was pursuing an alternate legal remedy − arbitration − at the time he filed this action.

"[T]he running of a limitations period is equitably tolled when an injured person has several formal legal remedies and reasonably and in good faith pursues one." (*Jones v. Tracy School Dist.* (1980) 27 Cal.3d 99, 108.) "Three factors determine whether the statute of limitations is equitably tolled in a particular case: (1) timely notice to defendants in filing the first claim; (2) lack of prejudice to defendants in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by plaintiffs in filing the second claim. [Citations.]" (*Downs v. Department of Water & Power, supra,* 58 Cal.App.4th at p. 1100.)

"The timely notice requirement essentially means that the first claim must have been filed within the statutory period . . . [and] must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim." (*Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 924 (*Collier*).) "The second prerequisite essentially translates to a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." (*Id.* at p. 925.) "The third prerequisite of good faith and reasonable conduct on the part of the

plaintiff . . . [requires] that the plaintiff file[] his second claim a short time after tolling end[s]." (*Id.* at p. 926.)

Here, it was undisputed that the arbitration at issue only addressed whether Villalobos was qualified for the Regional Administrator position, and not the issues of age discrimination and retaliation. Accordingly, the facts of Villalobos's claim in arbitration were not "identical or at least so similar" to those in the claims asserted in this action such that the CRA/LA was given adequate notice of "the need to begin investigating the facts which form the basis for the second claim." (*Collier, supra,* 142 Cal.App.3d at p. 924.) On these grounds, Villalobos failed to raise triable issues of fact regarding whether equitable tolling was applicable, and summary judgment was proper.[4]

---

[4] We also note that Villalobos filed this action before the subject arbitration was completed. This does not suggest that Villalobos waited to file this action because he was pursuing the alternate legal remedy of arbitration such that he should be granted equitable relief. (*Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 489, fn. 6 [equitable tolling only applies "when a litigant has made a rational decision to pursue one remedy before attempting the alternative."].)

## DISPOSITION

The judgment is affirmed.  The CRA/LA shall recover its costs on appeal.


***NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS***


CROSKEY, J.

WE CONCUR:



KLEIN, P. J.



KITCHING, J.

9