Filed 11/18/15  Fidelity Recovery Service v. Walter CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| FIDELITY RECOVERY SERVICE, | B255476 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PC053593) |
| v. | |
| CHARLES REUBEN WALTER et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Stephen P. Pfahler, Judge.  Affirmed.

Charles Reuben Walter, in propria persona, for Defendants and Appellants.

No appearance by Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant Charles Reuben Walter (Walter)[1] appeals from a judgment after trial in favor of plaintiff and respondent Fidelity Recovery Services (a fictitious name for F.R.S. Collections, a California Corporation) (Fidelity) on a complaint for money allegedly owing to its assignor—The Yardley Company (Yardley)—for goods furnished to Walter. Walter also appeals from a denial of his motion for new trial.

Walter asserts that the trial court erred because Yardley's obligations were more than furnishing goods and Yardley failed to perform those obligations; the trial court erred in computing damages; the trial court improperly converted the matter to a short cause trial, thereby depriving Walter of a fair trial; and there were other irregularities, including the late presentation of an exhibit file, the failure of the court to provide the required notice concerning a court reporter, and the lack of a court reporter. We affirm the judgment on the ground that there is an inadequate record on appeal.

## BACKGROUND

Fidelity in its complaint alleged it was the assignee of the claims and indebtedness due Yardley from Walter. Fidelity alleged by common count and breach of contract causes of action that Walter owed Yardley $85,528.24 for goods furnished Walter. In its trial brief, Walter, a subcontractor on a job, took the position that Yardley was supposed to install a system and perform warranty work for Walter, as "a second tier subcontractor" and that such work had not been accepted by the owner.

After a trial, the trial court awarded Fidelity $74,000.24, plus interest, costs, and attorney fees. Walter moved for a new trial on the grounds that the court trial converted

---

[1] The court caption for defendant reads "CHARLES REUBEN WALTER individually & dba COMMERCE SYSTEMS & dba COMMERCE AIR CONDITIONING COMPANY."

2

the matter to a "short cause" without the knowledge of Walter, thus prejudicing Walter; there was no transcript or recording of the trial; Fidelity's closing statement contained irrelevant and "surprising" arguments; Fidelity filed its exhibits on the day of trial; the damages were excessive; and other errors took place during the trial.

Fidelity argued that Walter failed to file a memorandum in support of the motion for new trial and that Walter's motion was not based on sufficient grounds. After a hearing, the trial court denied the motion for new trial. Walter filed a notice of appeal.

## DISCUSSION

"It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574, lead opn. of Grodin, J.) "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' (Orig. italics.) [Citation.]" (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712; see *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532.)

In this case there is no reporter's transcript or suitable substitute of the trial or of the hearing on the new trial motion. Appellate courts have refused to reach the merits of an appellant's claim because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. (See, e.g., *Walker, v. Superior Court* (1991) 53 Cal.3d 257, 273-274; *Maria P. v. Riles, supra,* 43 Cal.3d at pp. 1295-1296; *Ballard v. Uribe, supra,* 41 Cal.3d at pp. 574-575.) As said in *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 185-187, "[t]he fatal problem with this appeal is that [appellant] fails to provide us with a reporter's transcript from his court trial or any other adequate statement of the evidence."

Walter complains that he was not informed of the lack of a court reporter or recording of the proceedings. The Los Angeles Superior Court has complied with rule 2.956 of the California Rules of Court by adopting its policy regarding the availability of

3

court reporters as a local rule. (See Super. Ct. L.A. County, Local Rules, rule 2.21, in effect at the time of the trial.) That rule provides that, "Official court reporters are not normally available for reporting trials in unlimited civil cases." Because of the local rule, no notice to the parties regarding the court's policy concerning court reporters was required. (Cal. Rules of Court, rule 2.956(b)(2).) With respect to rule 2.956(b)(3), Walter claimed he does not believe "this was done." But Walter was present in court and could see there was no court reporter. An electronic recording in lieu of shorthand reporting is not authorized for a case such as this one. (See Gov. Code, § 69957; 2 Witkin, Cal. Procedure (5th ed. 2008) Courts, § 383, p. 481.) Unrepresented parties are held to the same standard as attorneys and are presumed to know the applicable law and procedures. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543; *Williams v. Pac. Mut. Life Ins. Co.* (1986) 186 Cal.App.3d 941, 944.)

Moreover, even absent a reporter's transcript, Walter could have, but did not, obtain an agreed statement or settled statement. (Cal. Rules of Court, rules 8.134, 8.137.) Absent a reporter's transcript or adequate substitute, there is no way we can determine if the trial court erred in connection with its decisions at trial or in connection with the new trial motion. Accordingly, the judgment is affirmed.

4

**DISPOSITION**

The judgment is affirmed.  Respondent is to recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

We concur:

TURNER, P. J.

KRIEGLER, J.